IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREG R.**[1], <br><br>        Plaintiff, <br><br>    v. <br><br> **ANDREW M. SAUL,** Commissioner of Social Security, <br><br>        Defendant. | Case No. 3:19-cv-0464-SI <br><br> **OPINION AND ORDER** |

Greg R., P.O. Box 333, Corbett, OR 97019. *Pro se*.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Greg R. brings this action *pro se* pursuant to § 205(g) of the Social Security Act ("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Act.[2] For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the

---

[2] Plaintiff applied for Supplemental Security Income ("SSI") disability as well. He was found disabled as of July 2012 and began receiving SSI payments. AR 26. Plaintiff's SSI claim is not before the Court.

Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for DIB in September 2015. AR 16. In his application, he alleged disability beginning November 11, 2009. *Id.* Plaintiff's claim was denied initially on November 24, 2015 and upon reconsideration on May 3, 2016. *Id.* Plaintiff appealed and testified in a series of three hearings held before an Administrative Law Judge ("ALJ"). On September 24, 2018, the ALJ issued a decision finding that Plaintiff was not disabled. AR 13-26. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). AR 1. Plaintiff was born on August 17, 1973, making him 36 years old at the time of the alleged disability onset. AR 62.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

An otherwise disabled individual is not entitled to disability benefits under the Act if drug addiction or alcoholism is a contributing factor material to the Commissioner's determination that he is disabled. 42 U.S.C. § 423(d)(2)(C). Where an individual is found disabled through the sequential evaluation process and there is medical evidence of a substance use disorder (drug addiction or alcoholism), the ALJ must determine the materiality of the person's drug addiction or alcoholism to the finding of disability. 20 C.F.R. § 404.1535(a); *see also* Social Security Ruling (SSR) 13-2p, *available at* 2013 WL 621536. The ALJ must perform a drug addiction or alcoholism analysis and determine which of Plaintiff's disabling limitations would remain if he stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b). The ALJ must proceed through the sequential evaluation process again, this time separating out the impact of the claimant's drug addiction or alcoholism ("DAA"), to determine if he would still be found disabled if he stopped using drugs or alcohol. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001); *Parra v. Astrue*, 481 F.3d 742 (9th Cir. 2007). The

"claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his disability." *Parra*, 481 F.3d at 748.

## C. The ALJ's Decision

At step one, the ALJ found that Plaintiff last met the insured status requirements of the Act on December 31, 2009 and had not engaged in substantial gainful activity during the period from his alleged onset date of November 11, 2009 through his date last insured of December 31, 2009. AR 19. At step two, the ALJ found that Plaintiff had the following "severe" impairments: major depressive disorder; personality disorder, not otherwise specified (NOS); psychosis, NOS; alcohol abuse/dependence; and cannabis abuse. AR 19.

At step three, through the date last insured, Plaintiff's impairments, including the substance use disorders, met Listing 12.08. AR 19-20. The ALJ then performed a DAA analysis. The ALJ found that if Plaintiff stopped his substance use, the remaining limitations would have caused more than a minimal effect on his ability to perform basic work activities through the date last insured. He thus would have continued to have a severe impairment or combination of impairments. AR 20. The ALJ also found, however, that if Plaintiff had stopped his substance use, he would not have had an impairment or combination of impairments that met or medically equaled a listing. AR 20-21.

Between steps three and four, the ALJ found that, if Plaintiff had stopped his substance abuse, he would have had the residual functional capacity to perform a full range of work at all exertional levels but with some non-exertional limitations. AR 21. Plaintiff could learn, remember, and perform simple and detailed work tasks at a consistent and predictable work pace. AR 21. He could have occasional and superficial contact with coworkers. AR 21. The ALJ did not entirely accept Plaintiff's subjective pain and symptom testimony. AR 21-24.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work through the date last insured. AR 24-25. At step five, the ALJ found that if Plaintiff stopped his substance abuse, considering his age, education, work experience, and residual functional capacity, and relying on vocational expert testimony, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed through the date last insured. AR 25-26. The ALJ concluded that through the date last insured, substance use disorder was a contributing factor material to the disability determination because Plaintiff would not be disabled if he stopped his substance use. AR 26. The ALJ concluded Plaintiff was not disabled within the meaning of the Act at any time from November 11, 2009, the alleged onset date, through December 31, 2009, the last date insured.

## DISCUSSION

A court must liberally construe the filings of a self-represented, or *pro se*, plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Even construing Plaintiff's brief liberally, however, Plaintiff raises no coherent arguments assigning error to the ALJ's decision, and in fact does not appear ever to discuss directly the ALJ's opinion. Plaintiff's opening brief discusses various topics unrelated to the disability determination at issue, and he did not file a reply brief in this case.

First, Plaintiff's extensive exposition of his personal, educational, and legal issues does not constitute an argument showing error by the ALJ. The Court ordinarily will not consider matters that are not "specifically and distinctly argued" in a party's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003). Plaintiff raises no specific legal challenges to or cite specific errors in the ALJ's decision.

Plaintiff next discusses several matters in which he is involved, including discrimination and civil rights allegations, FBI investigations, university decisions, Plaintiff's plans to upload documentation to Wiki Leaks, criminal actions, requests for clemency, and various complaints about different agencies and institutions. Many of these matters predate or postdate the period relevant to Plaintiff's disability determination. Most important, the Court has a limited scope of review. The Court is constrained to the judicial review of a "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g). Thus, the Court lacks jurisdiction to address such matters. The Court's review is limited to the 723-page record before the ALJ.

Third, Plaintiff appears to claim that he has been disabled since childhood. He asks for the Court to find him disabled before age 18. But Plaintiff makes no specific argument that the ALJ committed legal error and this case pertains to his application alleging disability beginning in November 2009, when he was 36 years old. AR 16, 19. Plaintiff argues that his lifetime earnings report "clearly demonstrates inconsistent work history, below poverty income, reliance on good stamps, Oregon Health Plan." Yet Plaintiff engaged in substantial gainful activity for multiple years, contrary to his claims of ongoing disability before age 22. AR 95-108; 20 C.F.R. §§ 404.1572, 404.1574; *see also* http://www.ssa.gov/OACT/COLA/sga.html. For example, Plaintiff earned $19,375.18 in 2000, $30,459.11 in 2001, $13,458.35 in 2008, and $23,124.89 in 2009. AR 141.

Fourth, Plaintiff alludes to a "serious mental health condition" that he describes as "rising to the level of paranoid delusional schizophrenia." Although the ALJ found Plaintiff had "severe" mental impairments, including psychosis, schizophrenia was not one of them. AR 19, 33, 39. In any event, the ALJ reasonably found that Plaintiff's substance use disorder was a contributing factor material to the disability determination and that for the period at issue

(November 11, 2009 through December 31, 2009), Plaintiff would not have been disabled if he had stopped the substance use. AR 19; 20 C.F.R. §§ 404.1520(c), 404.1520(g), 404.1535. Plaintiff has not challenged this finding.

Fifth, Plaintiff argues that many of the Commissioner's decisions were "base[d] on missing information the Plaintiff has been trying to get together for years." Plaintiff further argues that this is a "hint" of "a prior disability." At the September 2018 hearing, the ALJ noted that after the hearing in March 2018, the agency had done its best to obtain additional evidence, but some was said not to exist anymore. AR 713. The ALJ considered all available evidence, which now comprises the administrative record. A "hint" based on evidence before the ALJ does not meet the standards of disability. 42 U.S.C. §§ 423(d)(1)(A) & (d)(2)(A); *Tackett*, 180 F.3d at 1098. Plaintiff did not meet his burden to prove disability.

Plaintiff has raised no specific argument as to how the medical evidence and other evidence of record conflicts with the ALJ's specific finding that he was not disabled within the meaning of the Act at any time from November 11, 2009, the alleged onset date, through December 31, 2009, the date last insured. The ALJ's findings were supported by substantial evidence. Plaintiff identifies no legal error in the ALJ's decision.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 3rd day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge